United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICARDO LOPEZ,

Plaintiff,

v.

FORD MOTOR COMPANY, et al.,

Defendants.

Case No.  24-cv-02155-BLF

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

[Re:  ECF No. 18]

Before the Court is Defendant Ford Motor Company's ("Defendant") Motion for Partial Summary Judgment as to Plaintiff's Fifth Cause of Action for Fraudulent Inducement-Concealment.  ECF No. 18; *see also* ECF No. 18-1 ("Mot"); ECF No. 23 ("Reply").  Plaintiff Ricardo Lopez ("Plaintiff") opposes the motion.  ECF No. 20 ("Opp.").  The Court carefully reviewed the parties' briefs and heard argument on February 19, 2026, where only counsel for Defendant appeared.  *See* ECF Nos. 25–26.  For the following reasons, Defendant's motion is GRANTED.

I.    BACKGROUND

This case arises out of Plaintiff's June 19, 2018, purchase of a 2018 Ford F-150.  Compl. ¶ 9, ECF No. 1-2.  The 2018 F-150 is equipped with a 10R80 automatic transmission.  *Id.* ¶ 28.  After purchasing the vehicle, Plaintiff alleges that it began to have issues with the transmission, as well as with the infotainment system and climate control.  *Id.* ¶ 14.

Plaintiff alleges that Defendant "was well aware and knew that the transmission installed in the [2018 F-150] was defective but failed to disclose this fact to [him] at the time of the sale" based on the fact that Defendant "knew that vehicles equipped with the same 10-speed transmission . . . suffered from one or more defects that can cause the vehicles and their 10-speed transmissions to experience hesitation and/or delayed acceleration; harsh and/or hard shifting;

United States District Court
Northern District of California

jerking, shuddering, and/or juddering." *Id.* ¶¶ 25, 59. Plaintiff alleges that Defendant's knowledge of the defect is shown by the fact that it issued technical service bulletins ("TSBs") advising about the issue. *Id.* ¶ 27. Specifically, on March 2, 2018, Defendant issued a TSB disclosing that "[s]ome 2017 F-150[] vehicles equipped with a 10R80 automatic transmission built on or before 1-Aug-2017 may exhibit harsh or delayed shifts." Ex. 1, ECF No. 20-2; *see also* Compl. ¶ 28. Then, on September 7, 2018, Defendant issued a TSB disclosing 10R80 transmission issues in some 2018 F-150s built on or before May 15, 2018. Compl. ¶ 30. Between August 2020 and May 2023, Ford issued several more TSBs reflecting transmission issues in 2017-2021 F-150s. *See* Ex. 2, ECF No. 20-3 (2020 F-150); Ex. 3, ECF No. 20-4 (2017-20 F-150s); Ex. 4, ECF No 20-5 (2021 F-150); Ex. 5, ECF No. 20-6 (2021 F-150); Ex. 6, ECF No. 20-7 (same); Ex. 7, ECF No. 20-8 (same); Ex. 8, ECF No. 20-9 (2021-22 F-150s); Ex. 9, ECF No. 20-10 (2017-23 F-150s); Ex. 10, ECF No. 20-11 (2017-20 F-150s); *see also* Compl. ¶ 32.

Plaintiff now brings this lawsuit, alleging—among other claims—Fraudulent Inducement-Concealment based on Defendant's purported knowledge of the transmission defect prior to selling Plaintiff the vehicle. *Id.* ¶¶ 56-71. Defendant moves for partial summary judgment on this claim.

## II.    REQUESTS FOR JUDICIAL NOTICE

Plaintiff requests that the Court take judicial notice of ten TSBs from the National Highway Traffic Safety Administration ("NHTSA"). *See* Req. for Judicial Notice ("RJN"), ECF No. 20-1.[1] Defendant does not oppose the RJN. *See* Reply at 3–4.

In deciding a motion for summary judgment, federal courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Courts may take judicial notice of "[p]ublic records and government documents

---

[1] Plaintiff's RJN is mistakenly based on the California Evidence Code. *See* RJN at 2-4. The Court resolves the request under federal law. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

2

available from reliable sources on the Internet." *Calop Bus. Sys., Inc. v. City of Los Angeles*, 984 F. Supp. 2d 981, 992 (C.D. Cal. 2013) (citation and quote marks omitted).  Here, the ten TSBs are publicly available on the NHTSA's website.  *See* RJN at 2.  Accordingly, the Court takes judicial notice of the documents.  *See* ECF Nos. 20-2–20-11.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a party may file a "Motion for Summary Judgment or Partial Summary Judgment."  Fed. R. Civ. P. 56(a).  The moving party must "identify[ ] each claim or defense—or the part of each claim or defense—on which summary judgment is sought."  *Id.*  "A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).  "The moving party initially bears the burden of proving the absence of a genuine issue of material fact."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

"Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial."  *Id.* "[T]he non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor."  *Id.*  "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor."  *City of Pomona*, 750 F.3d at 1049.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  *Id.* at 1049–50 (quotation marks and citation omitted).

## IV.    DISCUSSION

Defendant moves for partial summary judgment as to Plaintiff's Fifth Cause of Action for Fraudulent Inducement-Concealment on the ground that Plaintiff's discovery responses demonstrate that he does not have evidence showing that Defendant had knowledge of the purported defect in the 2018 F-150's transmission before Plaintiff purchased the vehicle, a required element of the claim.  *See* Mot. at 7–9; *see also Boschma v. Home Loan Ctr., Inc.*, 198

United States District Court
Northern District of California

Cal. App. 4th 230, 248 (2011).  By identifying factually deficient discovery responses, Defendant has carried its burden and thus the burden shifts to Plaintiff to designate specific facts demonstrating the existence of genuine issues of material fact for trial.  *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

Plaintiff argues that the Court should deny Defendant's motion for two reasons.  First, Plaintiff argues that it has not received discovery from Defendant, and the Court should therefore deny Defendant's motion under Federal Rule of Civil Procedure 56(d).  Opp. at 4.  Second, Plaintiff contends that a triable issue of material fact exists because the TSBs show that Defendant knew about the defect in the 10R80 transmission before Plaintiff purchased the 2018 F-150.  *Id.* at 5–7.  The Court addresses these arguments in turn.

### A.   Rule 56(d)

Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  Plaintiff argues that summary judgment is premature because it has not yet obtained discovery or had the opportunity to depose Defendant's person most knowledgeable.  Opp. at 4.  Defendant responds that Plaintiff did not request discovery or notice any depositions until the day *after* filing his summary judgment opposition.  Reply at 2; *see also* Vilchez Decl. ¶ 2, ECF No 23-1.

"The party seeking additional discovery . . . must demonstrate that he . . . acted diligently to pursue discovery in the past."  *Arroyo v. Int'l Paper Co.*, 611 F. Supp. 3d 824, 831 (N.D. Cal. 2020) (finding that nonmovant did not diligently pursue discovery by failing to depose the person most knowledgeable); *see also Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015) (holding that "wait[ing] until . . . very near the end of the discovery period . . . to serve . . . a document subpoena" does not show diligence).  The fact that Plaintiff did not request discovery or notice any depositions until the day *after* filing his opposition to this motion shows that he did not "diligently pursue[] [his] previous discovery opportunities."  *Big Lagoon Rancheria*, 789 F.3d at 955 (citation and quote marks omitted).  This is despite knowing since November 4, 2024, that the

United States District Court
Northern District of California

United States District Court
Northern District of California

last day for the Court to hear dispositive motion was February 19, 2026, *see* ECF No. 17, and that he would have the burden of showing knowledge for his Fraudulent Inducement-Concealment claim, *cf. Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA, 2019 WL 5677543, at *9 (N.D. Cal. Oct. 31, 2019) ("[Plaintiff's] request [under Rule 56(d)] further suffers from the fact that he has been on notice of the [legal] issue since at least May 16, when defendants raised this argument in opposing his motion").

Additionally, the declaration from Plaintiff's counsel is inadequate.  Plaintiff was required to show "by affidavit or declaration that[] *for specified reasons*" he could not present facts to oppose Defendant's motion.  Fed. R. Civ. P. 56(d) (emphasis added).  But the declaration provides no reasons whatsoever to explain Plaintiff's inability to present facts.  *See* Tirmizi Decl., ECF No. 20-12.  All the declaration offers are various attestations that "[d]iscovery is incomplete." *Id.* ¶ 16; *see also id.* ¶¶ 17-23.  However, counsel's declaration that discovery is incomplete is no more than a statement that Plaintiff "cannot present facts" when what is required are "specified reasons" for that inability.  Fed. R. Civ. P. 56(d).  Thus, Plaintiff has failed to show that he is entitled to relief under Rule 56(d).  Moreover, based on Defendant's Reply, the Court questions the veracity of Plaintiff's counsel's declaration.  A separate Order to Show Cause re: Sanctions has been issued.  ECF No. 26.

### B.    No Triable Issue of Material Fact

Alternatively, Plaintiff argues that Defendant's motion should be denied because the TSBs show that Defendant had knowledge of the defect since "Ford F-150 vehicles equipped with the same 10-speed transmission as the Subject Vehicle suffered from the defects."  Opp. at 6–7.  Defendant makes two arguments in reply.  First, Defendant contends that a "technical service bulletin is not and cannot fairly be construed by a trial court as an admission of a design or other defect."  Reply at 3 (quoting *Am. Honda Motor Co. v. Superior Ct.*, 199 Cal. App. 4th 1367, 1378 (2011) (quote marks omitted)).  Second, all but one of the TSBs are from after Plaintiff purchased his vehicle and the lone TSB from beforehand concerned the 2017 F-150, which is not the vehicle Plaintiff purchased.  Reply at 3–4.

Contrary to Defendant's first argument, the Court may consider TSBs as evidence of

knowledge. *See Herremans v. BMW of N. Am., LLC*, No. CV 14-02363 MMM (PJWx), 2015 WL 12712082, at *12 (C.D. Cal. Feb. 19, 2015) ("*American Honda* . . . does not stand for the proposition that a TSB cannot serve as evidence of *knowledge* of a defect"); *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1093-94 (N.D. Cal. 2014); *Falco v. Nissan N. Am. Inc.*, No. CV 13-00686 DDP (MANx), 2013 WL 5575065, at *6 (C.D. Cal. Oct. 10, 2013).  Regardless, the TSBs here do not create a triable issue of material fact on this issue.  All but one TSB was issued *after* Plaintiff's purchase, so they do not show that Defendant had knowledge *beforehand*.  *See* Exs. 2–10; *see also* Compl. ¶ 32.  Meanwhile, the sole TSB from before Plaintiff's purchase states that "[s]ome *2017* F-150[] vehicles equipped with a 10R80 automatic transmission *built on or before 1-Aug-2017* may exhibit harsh or delayed shifts."  Ex. 1 (emphasis added).  Plaintiff's vehicle is a 2018 F-150—not a 2017 model—that he purchased on June 19, 2018.  Thus, the TSB does not show that Defendant knew about a transmission defect in Plaintiff's vehicle, particularly since the TSB indicates that Defendant believed the issue was resolved as of August 1, 2017.

Plaintiff has therefore failed to produce any evidence showing that Defendant had knowledge of the purported transmission defect in his 2018 F-150 when he purchased the vehicle.  Accordingly, Plaintiff has failed to show that triable issues of material fact exist as to his claim for Fraudulent Inducement-Concealment.

**V.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment, ECF No. 18, is GRANTED.  Plaintiff's Fifth Cause of Action for Fraudulent Inducement-Concealment is dismissed with prejudice.

Dated:  March 19, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

6