**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICARDO LOPEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>        Defendants. | Case No.  24-cv-02155-BLF<br><br>**ORDER IMPOSING SANCTIONS**<br><br>[Re:  ECF No. 26] |

On February 19, 2026, the Court issued an Order to Show Cause re: Sanctions ("OSC"). ECF No. 26.  In that order, Rabiya Tirmizi, counsel for Plaintiff, was ordered to show cause why monetary sanctions should not be imposed in the amount of $500 for misrepresenting facts to the Court in violation of Federal Rule of Civil Procedure 11(b) and for failing to appear as counsel of record for Plaintiff at a February 19, 2026, hearing on Defendant's Motion for Partial Summary Judgment. *Id.*  Ms. Tirmizi filed a response, and the Court held a hearing on March 19, 2026. ECF Nos. 27, 30.  For the following reasons, the Court imposes sanctions in the amount of $500 for violating Rule 11(b).

**I.    BACKGROUND**

On January 27, 2026, Plaintiff filed an opposition to Defendant's Motion for Partial Summary Judgment.  ECF No. 20 ("Opp.").  Plaintiff argued that Defendant's motion should be denied "due to Defendant's obstructive and dilatory discovery conduct."  *Id.* at 4.  Specifically, Plaintiff alleged that "defendant is withholding discovery from plaintiff" and that "[t]hrough its ongoing obstructive conduct," Defendant had not produced "[t]he requested—and outstanding— testimony and documents."  *Id.*  Ms. Tirmizi signed Plaintiff's opposition.  *Id.* at 10.  She also concurrently filed a sworn declaration attesting that "Defendant . . . continues to obstruct the

discovery process, failing to timely either produce a [person most knowledgeable] for the bulk of relevant deposition testimony or non-privileged documents responsive to Plaintiff's records requests." Tirmizi Decl. ¶ 23, ECF 20-12.

On February 3, 2026, Defendant filed its reply. ECF No. 23. Defendant's counsel, by sworn declaration, informed the Court that "[a]t the time of filing his Opposition, Plaintiff had not conducted any discovery in this case." Vilchez Decl. ¶ 2, ECF 23-1. Instead, Plaintiff first served discovery requests and noticed the deposition of Defendant's person most knowledgeable on January 28, 2026, the day *after* filing his opposition. *Id.* ¶¶ 3–6 & Exs. A–D.

On February 19, 2026, the Court held a hearing on Defendant's Motion for Partial Summary Judgment. Ms. Tirmizi did not appear. *See* ECF No. 25. The Court docket reflects that Plaintiff received notice of the hearing date on January 13, 2026. *See* ECF No. 18.

The Court subsequently issued the OSC. ECF No. 26. In response, Ms. Tirmizi explained that her involvement in the case began on January 27, 2026, when she opposed the Motion for Partial Summary Judgment and that "[u]pon opposing Defendant's Motion, [she] realized discovery was outstanding" so she "requested discovery be propounded the following day on January 28, 2026." Tirmizi Decl. Re: OSC ¶ 4 ("OSC Response"). Ms. Tirmizi also stated that she "included an argument under FRCP Rule 56(d) due to a Person Most Knowledgeable . . . deposition not yet taking place," which she described as "a standard procedural argument." *Id.* ¶¶ 5–6. Ms. Tirmizi also explained that she did not appear at the summary judgment hearing because the "docketing team inadvertently vacated the hearing." *Id.* ¶¶ 8–9.

The Court held a hearing on the OSC on March 19, 2026. ECF No. 30. At the hearing, Ms. Tirmizi confirmed the explanations provided in the OSC Response and added that the Rule 56(d) argument—accusing opposing counsel of dilatory conduct—was based on a template.

## II.     LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure provides that by filing a pleading or other paper, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a

*United States District Court*
*Northern District of California*

reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b); *see Lake v. Gates*, 130 F.4th 1064, 1067 (9th Cir. 2025). In analyzing whether conduct is sanctionable under Rule 11, courts employ an objective standard of reasonableness and do not consider the attorney's subjective good faith. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989), *aff'd* 498 U.S. 533 (1991). If a court determines that Rule 11 has been violated, it "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." *Id.*

### III.    DISCUSSION

Ms. Tirmizi violated Rule 11(b) when she filed Plaintiff's summary judgment opposition. There was no basis in fact to suggest that discovery was "requested . . . and outstanding" or that Defendant had engaged in "obstructive and dilatory discovery conduct" given that Plaintiff had yet to request *any* discovery, as Ms. Tirmizi later acknowledged. Opp. at 4; *see also* Tirmizi Decl. ¶ 23; OSC Response ¶ 4. Accusing opposing counsel of dilatory conduct is not a "standard procedural argument." OSC Response ¶ 6. Instead, it was uncivil name calling and a material misrepresentation of procedural facts in an effort to defeat summary judgment. That is unacceptable. The fact that these statements were mistakenly included because they were taken from a template only serves to show the degree of carelessness involved, which is inconsistent with an objective standard of reasonableness for an officer of the court. And the fact that counsel made no effort to correct the error when, by the following day, she realized that discovery had not been requested was itself unreasonable. *See* OSC Response ¶ 4.

Because Ms. Tirmizi's conduct in filing the summary judgment opposition violated Rule 11(b), the Court will impose monetary sanctions. The Court will not, however, impose sanctions for failing to appear at the February 19, 2026, hearing because Ms. Tirmizi has adequately explained why the scheduling error occurred. Moving forward, Ms. Tirmizi is advised to be mindful of her obligations to her clients and as a member of the State Bar of California.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Ms. Tirmizi is sanctioned in the amount of $500 payable to the Court **on or before April 2, 2026**.  Ms. Tirmizi and Strategic Legal Practices, APC, are jointly responsible for this sanction.


Dated:  March 19, 2026

_____
BETH LABSON FREEMAN
United States District Judge

4